IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IGNACIO POLVOS PENA,

    Petitioner,

  vs.

D. K. SISTO, Warden,

    Respondent.

No. C 07-03056 JW (PR)

ORDER TO SHOW CAUSE

Petitioner, a state prisoner incarcerated at the California State Prison - Solano in Vacaville, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearing's ("BPH") November 18, 2002, decision to deny him parole. Petitioner has paid the filing fee.

**BACKGROUND**

Petitioner pleaded guilty in the Superior Court of the State of California in and for Santa Clara County to second degree murder with the use of a firearm, and on or about November 12, 1985, was sentenced to seventeen years to life in state prison. (Pet. i.)

According to the petition, petitioner's base term was to expire on November

Order to Show Cause
N:\Pro - Se\7.30.2007\07-03056 Pena03056_osc.wpd

14, 2002. Four days after the expiration of the base term, on November 18, 2002, the BPH denied petitioner release on parole and deferred his maximum eligible parole base term release for two years. (Pet. iii.).

Petitioner alleges that he fully exhausted his administrative appeals. He then filed a state habeas petition in the Santa Clara County Superior Court which denied the petition on January 4, 2005. The California Court of Appeal denied the petition on April 28, 2006, and the Supreme Court of California denied review on July 19, 2006. Petitioner filed the instant federal habeas petition on June 12, 2007.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Legal Claims

Petitioner claims that the BPH's November 18, 2002, decision finding him not suitable for parole denies him the terms and benefits of his plea agreement and thereby violate due process and equal protection. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

Order to Show Cause
N:\Pro - Se\7.30.2007\07-03056 Pena03056_osc.wpd         2

1  Attorney General of the State of California.  The clerk also shall serve a copy of this
2  order on petitioner.

3      2.    Respondent shall file with the court and serve on petitioner, within
4  **ninety (90) days** of the issuance of this order, an answer conforming in all respects
5  to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6  habeas corpus should not be issued.  Respondent shall file with the answer and serve
7  on petitioner a copy of all portions of the state trial record that have been transcribed
8  previously and that are relevant to a determination of the issues presented by the
9  petition.

10  If petitioner wishes to respond to the answer, he shall do so by filing a
11  traverse with the court and serving it on respondent within **forty-five (45) days** of
12  his receipt of the answer.

13      3.    Respondent may file a motion to dismiss on procedural grounds in lieu
14  of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
15  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall
16  file with the court and serve on respondent an opposition or statement of non-
17  opposition within **forty-five (45) days** of receipt of the motion, and respondent shall
18  file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt
19  of any opposition.

20      4.    Petitioner is reminded that all communications with the court must be
21  served on respondent by mailing a true copy of the document to respondent's
22  counsel.  Petitioner must also keep the court and all parties informed of any change
23  of address.

25  DATED:  July 25 2007

                  *James Ware*
26                    JAMES WARE
                  United States District Judge

Order to Show Cause
N:\Pro - Se\7.30.2007\07-03056 Pena03056_osc.wpd     3

*United States District Court*
For the Northern District of California