EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5531
 Fax: (415) 703-5843
 Email: Denise.Yates@doj.ca.gov
Attorneys for Respondent D. Sisto, Warden at the
California State Prison, Solano
SF2007200689

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IGNACIO PENA,<br><br>              Petitioner,<br><br>v.<br><br>D.K. SISTO, Warden,<br><br>              Respondent. | No. C 07-3056 JW (PR)<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PETITIONER IGNACIO PENA, IN PRO PER:

PLEASE TAKE NOTICE that Respondent moves to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that the petition is brought beyond the statute of limitations. This motion is based on the notice and motion, the supporting memorandum of points and authorities and exhibits, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

////

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Ignacio Pena (D-17862) is a California state prisoner proceeding pro per in this matter. Pena is lawfully in the custody of the California Department of Corrections and Rehabilitation following his conviction for second-degree murder and use of a firearm, for which the court sentenced him to seventeen years to life. (Pet. 2 & ii.) In this petition, Pena challenges the Board of Prison Terms' November 18, 2002 decision denying him parole. (Pet. iii.) This Court should dismiss the petition because Pena filed it beyond the one-year statute of limitations.

### ARGUMENT

**THIS PETITION SHOULD BE DISMISSED BECAUSE PENA FILED IT AFTER THE ONE-YEAR STATUTE OF LIMITATIONS LAPSED.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all federal petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Accordingly, AEDPA applies to this petition.

AEDPA enacted a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, 28 U.S.C. § 2244(d)(1), only one of which is relevant to this case. *See id.*; *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). Specifically, the statute of limitations begins to run one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In the parole suitability context, a petitioner becomes aware of his claims on the date his administrative appeal of the underlying parole suitability hearing is denied. *Redd*, 343 F.3d at 1079, 1084-85. The statute of limitations begins to run the following day. *Id.* at 1084.

The statute of limitations is tolled during the entire period that the petitioner is seeking state collateral review of his claims, 28 U.S.C. § 2244(d)(2), beginning when the petitioner initially files his habeas claim in the state superior court until the state supreme court denies the petition. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, tolling applies to one full

round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The statute of limitations is not tolled, however, if the petitioner has unreasonably delayed in the filing of his petitions for collateral review. *Evans v. Chavis*, 546 U.S. 189, 200-01 (2006). That is, if the petitioner does not file a higher level petition within a reasonable time, the petition is not considered "pending," and thus, the time will not be tolled. *Id.* at 193.

Pena submitted an administrative appeal on January 2, 2003 (Ex. 1), which the Board denied on July 8, 2003 (Ex. 2 at 1). Assuming Pena's administrative appeal fairly addresses the same concerns he raises in his federal petition, the statute of limitations began running on July 9, 2003. *Redd*, 343 F.3d at 1084. Thus, Pena's federal habeas petition must have been filed one year later, unless time was tolled. 28 U.S.C. § 2244(d)(1)-(2). Pena's superior court petition was filed on January 9, 2004. (Ex. 3 at 1.) The time between the date his administrative appeal was denied (Ex. 2 at 1) and his superior court petition was filed (Ex. 3 at 1) was 185 days. In addition, the time between the California Supreme Court's denial of his petition for review on July 19, 2006 (Ex. 8)[1] and the filing of this federal petition on June 12, 2007, was 358 days and is not tolled. *See* 28 U.S.C. § 2244(d)(2). Thus, 543 (185 + 358) days are not tolled and Pena's federal petition is untimely by 178 days. Accordingly, this Court should deny the petition on this information alone.

In addition to the delays mentioned above which are sufficient in themselves to find this petition untimely, the time between Pena's superior court denial on January 4, 2005 (Ex. 4 at 1) and his appellate court filing on November 2, 2005 (Ex. 5) was 302 days. This 302-day delay is unreasonable, and the time should not be tolled because it exceeded the time normally provided by state courts to file an appeal, and far exceeded the time allowed by California to file a notice of appeal. *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140 (C.D. Cal. 2006) (finding that a ninety-seven-day delay between the denial and filing of the next level petition was unreasonable); *cf. Chavis*, 546 U.S. at 201 (finding that an unjustified six-month delay between the appellate court denial and filing in the California Supreme Court was unreasonable because it exceeded the

---

1. Respondent does not rely on Exhibits 6 and 7, and simply provides them to reflect the entire state court proceedings.

thirty to sixty days that most states provide for filing an appeal to the state supreme court and was far longer than the ten-day period California gives a losing party to file a notice of appeal in the California Supreme Court). The delay is especially unreasonable because Pena's appellate court petition appears to be substantively identical to his superior court petition. (*Compare* Ex. 3, *with* Ex. 5); *but cf. Osumi v. Giurbino*, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (finding that an approximate three-month interval between the superior court decision and filing of the appellate court petition was not unreasonable considering the appellate court petition was lengthy and reflected a substantial rewriting of the superior court petition). Because Pena's delay in filing his appellate court petition was unreasonable, the appellate court petition was not "pending." *Chavis*, 546 U.S. at 191. Thus, the time between the superior court denial and appellate court petition should not toll the statute of limitations. *Id.* at 200-01.

      In summary, Pena's petition was untimely by 178 days, and even more so if this Court finds that his petition was not tolled during the state court proceedings as described above. Thus, because Pena's petition was filed beyond the one-year statute of limitations, this Court should dismiss the petition as being untimely.

Dated: October 25, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent D. Sisto, Warden at the California State Prison, Solano

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **PENA, IGNACIO v. D. K. SISTO, Warden**

No.:   **C07-03056 JW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **October 26, 2007**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS;
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Ignacio Pena, D-17862
California State Prison, Solano
2100 Peabody Rd
P.O. Box 4000
Vacaville, CA 95696-4000**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 26, 2007**, at San Francisco, California.

|                                  |                          |
|----------------------------------|--------------------------|
| J. Palomino                      | /s/ J. Palomino          |
| Declarant                        | Signature                |

20111205.wpd