Case 5:07-cv-03056-JW    Document 4-2    Filed 10/26/2007    Page 1 of 4

# EXHIBIT 1

BOARD OF PRISON TERMS  ~~ORIGINAL~~  STATE OF CALIFORNIA

# APPEAL
(TITLE 15, CCR §§ 2050-2056)

NAME: Peña, Ignacio
CDC NUMBER: D-17862
INSTITUTION: CSP-Solano
DATE SUBMITTED: January 2, 2003

**CDC STAFF USE ONLY**
LOG NUMBER: 2001-07
DATE RECEIVED: 01-09-02

## DECISION BEING APPEALED

- ☐ PAROLE REVOCATION
- ☐ REVOCATION EXTENSION
- ☐ RETAIN ON PAROLE
- ☐ SCREENING DECISION
- ☒ LIFE PRISONER
- ☐ MENTALLY DISORDERED OFFENDER
- ☒ OTHER (SPECIFY): THE "LIFE PRISONER" DESIGNATION AND CLASSIFICATION IMPLICATES A LIBERTY INTEREST PROTECTED BY DUE PROCESS CLAUSE.

RECEIVED JAN 1 3 2003 BOARD OF PRISON TERMS

## BASIS FOR APPEAL

DATE OF DECISION/HEARING BEING APPEALED (SPECIFY): 11-18-2002

- ☒ THE DECISION WAS BASED ON INCOMPLETE OR INCORRECT INFORMATION.
- ☐ THE DECISION IS UNREASONABLE IN VIEW OF THE FACTS.
- ☒ THE DECISION IS ILLEGAL.
- ☒ THE DECISION VIOLATES THE FOLLOWING BOARD REGULATIONS OR RULES. (SPECIFY):

WHAT ACTION ARE YOU REQUESTING THE BOARD TO TAKE? RENDER DECISION/ORDER VOID FOR LACK OF SUBJECT-MATTER JURISDICTION. THE BPT WRONGFULLY EXTENDED ITS JURISDICTION BEYOND THE SCOPE OF ITS AUTHORITY. SUCH IS A PLAIN USURPATION OF POWER AND DENIAL OF PROCEDURAL DUE PROCESS.

PLEASE STATE (TYPE OR PRINT) AND SEPARATELY NUMBER EACH BASIS FOR YOUR APPEAL.

OBJECTIONS AND STATEMENT THROUGH COUNSEL AT THE PAROLE CONSIDERATION FOR "LIFE PRISONERS" IMPLEMENTING PENAL CODE SECTIONS 3041 AND 3042.

The panel lacks jurisdiction to deny the prisoner his release on parole, because the law of Penal Code Section (PC§) 190 governs his sentence and authorizes behavior and participation credits; and was added by initiative measure approved by the voters on November 7, 1978, therefore, the hearing is invalid. The Fourteenth Amendment to the United States Constitution and Article I, section 7 of the California Constitution, each guarantee that no person shall be deprived of life, liberty, or property without due process of the law, nor the equal protection of the laws. This constitutional command requires an administrative agency who has been granted the authority to adopt rules and regulations to be (1) consistent and not in conflict with the provisions of the enabling legislation and (2) reasonably

| SIGNATURE (All appeals must be signed.) | CDC NUMBER | INSTITUTION/REGION |
|---|---|---|
| /s/ Ignacio Peña | D-17862 | CSP-Solano |

BPT 1040 (rev. 9/88)     Attach more pages if necessary.
See other side for instructions.     PERMANENT ADDENDA

Pena, Ignacio        CDC#: D-17862    CSP-Solano    Date of Decision/Hearing: 11/18/2002

necessary to effectuate its purpose. The administrative agency may not vary or enlarge the terms of such legislation, i.e., its rules and regulations must come within the scope of the authority conferred in order for the rule or regulation to be valid. Simply stated, the Board of Prison terms (BPT) is without authority to redetermine the minimum term of imprisonment that was imposed upon the prisoner by statute nor deny his release date that was calculated under the PC §2932, subd. (b) by the Department of Corrections. For the following numerical reasons the prisoner raises these **FORMAL OBJECTIONS:**

   1. Under the doctrine of Stare Decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction, in so far as that term is used to indicate that those acts may be enforced by mandate. The BPT' interpretation of PC§190 does not comport with the decision of the California Supreme Court. For example, in the case of In re Jeanice D. (1980) 28 Cal.3d 210, at p. 217, the court stated:

   "In referring to a 'minimum term of 25...years...imposed pursuant to this section,' the current statute unambiguously demonstrates that the provision contemplates that an individual sentenced under the statute will not automatically receive a determinate term of life imprisonment. Instead, the statute recognizes that, as with traditional indeterminate sentences, the term actually imposed upon an individual offender may range from 25 years to life. The Attorney General's proposed interpretation of the statute as requiring an automatic imposition of a sentence of life imprisonment in every case completely conflicts with this language and for that reason alone must be rejected."

   2. Under the group of laws the BPT has placed this prisoner does only come within the scope of the limited authority conferred by the Uniform Determinate Sentencing Act of 1976 (DSA), which only enables the consideration of setting of release dates to go upon parole outside the prison walls and enclosures. There is **no authority for the fixing terms of imprisonment within the minimum and maximum**. There is no provision in the DSA, such as PC§3020 of the old law, to authorize the BPT to determine or redetermine the term governed by PC§190. Therefore, any acts which exceed the defined power of a tribunal in any instance, whether that power be defined by constitutional provision or expressed statutory declaration, are in excess of jurisdiction and/or abuse of discretion, in so far as that term is used to indicate that those acts may be restrained by prohibition. For example, it is improper for the BPT to use the designation "Life Term" to describe the prisoner's sentence if it has not been imposed upon him by a competent tribunal authorized by law. The notices sent out pursuant to PC§3042, as a service process, and the BPT' and California Department of Corrections' (CDC) files and records use this designation to describe the prisoner's term of imprisonment. A statute enacted by the electorate as an initiative measure may be changed only with the approval of the electorate unless the initiative measure permits amendment or repeal without their approval. (Art. II, §10, subd. (c) of the California Constitution.) A review of the initiative measure which enacted PC§190 (Proposition 7 in the Nov. 1978 general election.) disclosed no provision which permits amendment or repeal without voter approval. Therefore, this designation would amend PC§190 without compliance of the constitutional procedures required. The BPT has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. The BPT is no more at liberty to add provisions to what is therein declared in definite language than it is to disregard any of its express provisions.

   3. The prisoner's judgment of imprisonment has been satisfied when he had completed the term of imprisonment imposed upon him by statute, absence procedural due process

ADDITIONAL PAGE 1.

ATTACHED SHEET CONTINUED

Pena, Ignacio       CDC#: D-17862   CSP-Solano    Date of Decision/Hearing: 11/18/2002

proceedings to redetermine his term of imprisonment. The application by the BPT of the DSA parole guidelines set forth in PC§3041, for determining whether to set a release date for "life prisoners", provides no reason found in logic or justice to have not distinguished the this straight life term from the penalty provision pursuant to PC§190. This indefinite penalty is analogous to the prison terms for prisoners whose offense occurred under the Indeterminate Sentence Law (ISL), but was sentenced after the enactment of the DSA. In which the BPT was required to reset the prison terms pursuant to the provisions of PC§1170.2, subd. (a), from indefinite to definite. The BPT was also required to set a parole release date on the term of imprisonment imposed and calculated under PC§1170.2, subd. (a), unless two members of the BPT determine that the prisoner should serve a term longer than that calculated. In that event, the BPT must give notice and a prompt hearing to the ISL prisoner. This prisoner is entitled to the same procedural due process protection, yet, which has never been afforded him, as a result, the BPT has no jurisdiction to determine or redetermine his term of imprisonment or to circumvent the release date calculated by the CDC under the authority of PC§§2930 et seq. Therefore the prisoner must be released forthwith, because he has already served the lawful term of imprisonment actually imposed upon him by statute.

Finally, the BPT' quasi-judicial duties do not extend to the prisoner, and the conduct relating to him is merely ministerial functions. Furthermore, ministerial conduct enjoys only qualified immunity that is triggered by showing that the BPT acted in good faith, pursuant to lawful authority vested in them by the State. *Chapman v. California*, (1967) 386 U.S. 18 [17 L.Ed.2d].

_[signature]_                                Dated: January 2, 2003
(PRISONER'S SIGNATURE)

ADDITIONAL PAGE 2.