**EXHIBIT 2**

BOARD OF PRISON TERMS  STATE OF CALIFORNIA
OFFICE OF POLICY AND APPEALS
DECISION ON APPEAL

PLACE IN C FILE

Your appeal was received by the Board on January 13, 2003.

### Decision you appealed:

Life parole consideration hearing of November 18, 2002. Parole denied. Next hearing in 2 years.

### Reasons for your appeal:

1. The prisoner contends that the Board's interpretation of PC § 190 does not comport with the California Supreme Court decision in *In re Jeanice* (1980).
2. The prisoner contends that based upon the authority of the Determinate Sentencing Law (DSL) the Board has, "No authority for the fixing of terms of imprisonment within the minimum and maximum."
3. The prisoner contends that the Board is required to set a parole date pursuant to PC § 1170.2 (a) and PC § 2930 et seq.

### Decision by the Board on this appeal:

[X] Denied
    (No – the decision stays the same)

[ ] Granted
    (Yes – the decision will be changed)

[ ] Dismissed or no action
    (The appeal will not be looked at)

Name: Carol Daly           BOARD PANEL         Date 7-8-03
                           Title
                           Commissioner

Name: [signature]          BOARD PANEL         Date 7-8-03
                           Title
                           Commissioner

CDC Staff to assist in reviewing appeal decision    Yes [ ]    No [X]

| NAME | CDC # | PRISON/REGION | DATE |
| --- | --- | --- | --- |
| PENA, Ignacio | D-17862 | CSP-SOLANO | JUL 0 8 2003 |

PFF

BPT 1041 (REV. 01/02)

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA
Page 2: DECISION ON APPEAL

## REASONS FOR DECISION

### Introduction

Title 15 of the California Code of Regulations (15 CCR), § 2400 et seq., sets forth parole suitability criteria and procedures for life prisoners who committed murder on or after November 8, 1978. Prisoner rights are specified at 15 CCR §§ 2245 - 2256. Appeals from parole consideration hearings are governed by 15 CCR §§ 2050-2057.

### Decision on Appeal

1. The prisoner contends that the Board's interpretation of PC § 190 does not comport with the California Supreme Court decision in *In re Jeanice* (1980).

**Appeal Denied:** The prisoner is both confused and mistaken. PC § 190 et seq. are the statutes that set out the various punishments for persons who commit murder. The Board does not have any reason to "interpret" that statute.

Further, a life parole consideration hearing is an administrative procedure, not a procedure found in a court of law. The purpose is to determine the prisoner's suitability for parole. In doing so, the panel may review all relevant and reliable information about the prisoner as well as all case factors pertaining to his case. In determining factors of suitability the panel makes an assessment as to the nature and magnitude of the life offense and the prisoner's culpability. The panel's decision is based upon the conclusion that it reaches after weighing all the evidence that has been presented at the hearing. In rendering its decision, the panel must give its reasons for its finding of suitability or unsuitability; that is all that is required, nothing more. (Title 15 CCR § 2402(c) (d)).

The rules of the Board of Prison Terms have been approved by the Office of Administrative Law. The prisoner's hearing has been conducted pursuant to PC §§ 3041, 3042 and the Board's rules. Until the Board is specifically directed by the court to change or amend its procedures for conducting its hearings, these current laws and rules are applicable to the prisoner's case.

2. The prisoner contends that based upon the authority of the Determinate Sentencing Law (DSL) the Board has, "No authority for the fixing of terms of imprisonment within the minimum and maximum."

**Appeal Denied:** The prisoner is mistaken. His case does not fall within the provisions of the Determinate Sentence Law (PC § 1170). He has been sentenced to prison pursuant to PC § 1168(b) for an <u>indeterminate</u> <u>term</u> of 17 years to Life. PC § 1168(b) provides the Board with the authority to set the term of the duration of the period of imprisonment. (Emphasis added)

Also, in the case of *In re Rodriguez* (1975) 14 Cal.3d 639, 651-652, the court said that it followed *People v. Wingo* (1975) 14 Cal.3d 169, in that a prisoner who had a maximum term which may be disproportionate to his individual culpability has a right to have his term fixed at a number of years that is proportionate to his offense. The maximum term for the prisoner's offense (i.e., life) is not disproportionate to his culpability. Therefore, he is not entitled to have his term fixed prior to a finding of suitability for parole. Board rules regarding its pre-suitability procedures were upheld in *In re Seabock* (1983) 140 Cal.App.3d 29. (Emphasis added)

PENA, Ignacio        D-17862                                    JUL 0 8 2003

RPT 1041 (REV. 01/02)

3. The prisoner contends that the Board is required to set a parole date pursuant to PC § 1170.2 (a) and PC § 2930 et seq.

**Appeal Denied:** The answer to the prisoner's contentions is found in appeal issue # 2, above.

### Exhaustion of Remedies

Since all grounds for appeal must be included in the same appeal (15 CCR § 2052(a)(2)), this decision is the final administrative decision on all issues from the decision in question. No further appeals or requests for review based on the issues from this decision will be accepted.