**EXHIBIT 3**
**part 2 of 3**

1 recommendation as to the plea. (*Id.*)

2     In regard to prejudice, petitioner only states that there was a

3 viable defense based on the inadmissibility of his confession due to a

4 violation of his *Miranda* rights.  Petitioner does not further discuss

5 this contention.

6     Accordingly, petitioner has failed to make a prima facie case of

7 ineffective assistance of counsel.  Petitioner has the burden of

8 pleading sufficient grounds for relief. (*People v. Duvall* (1995) 9

9 Cal.4th 464, 474.)  Specifically, petitioner must plead facts which,

10 if true, would entitle him to relief. (*Id.* at 474-75.)

11     D.  Conclusion.

12     For all of the foregoing reasons, the petition is DENIED.

13

14

15

16 DATED:_____, 1996       **ROBERT M. FOLEY**

17                              ROBERT M. FOLEY

18                              JUDGE OF THE SUPERIOR COURT

19

20 cc:  Petitioner
      Santa Clara County District Attorney
      Research
21       File

22

23

24

25

26

27

28

4

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

BEFORE THE HONORABLE ROBERT M. FOLEY, JUDGE

DEPARTMENT 5

---oOo---

(ENDORSED)
FILED
DEC 19 1985
DEPUTY          Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA,     )
                                           )
                   Plaintiff,              )
                                           )          No. 96973
         -vs-                              )
                                           )
IGNACIO P. PENA,                           )
                                           )
                   Defendant.              )
                                           )

---oOo---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Held on October 17, 1985

APPEARANCES:

For the People:                    OFFICE OF THE DISTRICT ATTORNEY
                                   BY:  ROD BRAUGHTON, D.D.A.

For the Defendant:                 DANIEL HERNANDEZ,
                                   ATTORNEY AT LAW

Spanish Interpreter:               Evelyn Aaron

Official Court Reporter:           Barbara T. Ives, CSR No.448

---oOo---

1    San Jose, California

October 17, 1985

2                              PROCEEDINGS

3          THE COURT: Once again, the matter of People versus

4    Ignacio P. Pena, Information 96973. Might I have your appearances

5    for the record, please.

6          MR. BRAUGHTON: People are represented by Rod Braughton

7    from the District Attorney's Office.

8          MR. HERNANDEZ: Daniel Hernandez appearing for Mr. Pena,

9    Your Honor, who is present.

10          THE COURT: Spanish interpreter is also present. Might

11    we have your name for the record.

12          MS. AARON: Evelyn Aaron, A-a-r-o-n.

13          THE COURT: You have been previously sworn and certified

14    pursuant to the appropriate government code sections?

15          MS. AARON: Yes, I have, Your Honor.

16          THE COURT: Thank you. Mr. Hernandez?

17          MR. HERNANDEZ: Yes, Your Honor. We requested some

18    discussion as to one of the potential offers that the People have made

19    to my client and that my client is willing to -- is prepared to -- after

20    some discussion, I think, to make to the People. We are basically

21    talking about second degree in this case. And he has some matters

22    or some questions that he would like to clear up before he changes his

23    plea, if that's what the People agreed to.

24          THE COURT: Now, wait a minute. My understanding -- I may be

25    wrong, but my understanding is that the People have made no offer.

26          MR. HERNANDEZ: Right.

27          THE COURT: This is an offer, as I understand it, by

28    Mr. Pena to the People.

3

MR. HERNANDEZ:  That's correct, Your Honor.  I was just saying that we had prior discussions revolving around the possibility of an offer.  We are prepared to make that offer as soon as my client is satisfied.  He has some preliminary questions that I wanted to discuss in chambers, but we decided to do it on the record.

There are some clarifications and reassurances from the Court that my client wants before the offer is made.

THE COURT:  You mean, you want a commitment from me that if the defendant did a certain thing and the People acceded to that, would I commit myself to certain things?

MR. HERNANDEZ:  I think -- We have explained to our client certain things in terms of the degrees and the time and the type of -- the terms and punishment that apply to second degree.  I think he has some certain questions that he wanted us to clarify, both with the People and with the Court for him.

He may have some direct questions himself, prior to making the offer.

THE COURT:  Well, would the People be at all interested in an offer by Mr. Pena to plead to a charge of second degree murder and admit the use of the firearm?

MR. BRAUGHTON:  Your Honor, if Mr. Pena is willing to plead guilty exactly as charged in the Information, the People would consider stipulating that the murder is a murder of the second degree.

THE COURT:  Fine.  Thank you.  What are Mr. Pena's concerns?

MR. HERNANDEZ:  I think the consideration or the concern of Mr. Pena has been -- from our discussions, is the gun allegation.  If there was no gun allegation, I think -- That was his basic concern, was that if there was no gun allegation in the second degree, that he would

4

1    be more than willing to make that offer formally.

2         THE COURT:  In other words, then, Mr. Pena is offerring

3    to plead to the count in the information on a stipulation that it's

4    in the second degree, but he does not wish to admit the personal use

5    of a firearm?

6         MR. HERNANDEZ:  In all candidness, he is concerned anout

7    the additional term that would go along with that.

8         THE COURT:  Two years.

9         MR. HERNANDEZ:  That's his basic concern, from what I

10   understood.  Perhaps if he has his own questions, or I would be more

11   than willing to stipulate that he could ask the Court directly himself

12   if he wishes to.  That is my interpretation of what his concern was.

13        THE COURT:  You know what the law is.  Two additional

14   years are normally imposed for the personal use of a firearm.  My

15   understanding of the evidence in the case is that it will be demonstrated

16   that he personally used a firearm  in the commission of the murder.

17        Assuming that there was a murder.  I think, really, the

18   only thing we are talking about is, is it a first or is it a second?

19        If it's either one, I am kind of convinced that the

20   evidence  will demonstrate that a gun was used.

21        MR. HERNANDEZ:  Perhaps, I think if the Court were to

22   clarify to my client, not only to me but through their own understanding

23   that it would be at this point impossible to entertain an offer --

24   or that the People may not be willing to entertain an offer without

25   the gun allegation, perhaps we are at the point where we have to make

26   that final decision.

27        THE COURT:  That's a decision I think that you are going to

28   have to make.  Mr. Braughton has represented that he wants the defendant

1    to admit everything contained in the Information.  If the defendant will

2    do that, he will stipulate that it is a murder in the second degree.

3    I didn't misunderstand you, did I?

4              MR. BRAUGHTON:  No, sir.

5              THE COURT:  So, I take it then, if you will, I wouldn't term

6    it an offer by the People.  If that's a word that you want to use, it's

7    an offer to plead to a second and admit the use.  And then, by law,

8    that would place a maximum ceiling upon any punishment of no more than

9    seventeen years to life in prison, as opposed to a first degree, which

10   would be twenty-seven years to life.

11             (Off-the-record discussion between the defendant and

12   his counsel.)

13             MR. HERNANDEZ:  Your Honor, I think I have explained

14   basically to my client the laws applied under Article 2.5 and

15   Sections 2930 through 34 of the Penal Code having to do with time and

16   the reduction of  time once he is sentenced or once he is sent to the

17   Department of Corrections system.

18             I think that in order to solidify my explanations to him,

19   if the Court would be willing to reaffirm the possibilities of him

20   getting good time, good behavior time, lessening the seventeen years

21   to actual time that he is going to do of less than seventeen years,

22   if he complies with the rules once he is sentenced, I think he wants

23   to hear that from the Court in order to be reassured that that is

24   the policy.

25             Not so much that it's guaranteed, but that that is the

26   policy that -- that if his behavior is good and he cooperates with

27   the prison system in terms of his good time/work time, that he will

28   be given the benefit of --

04/22/2004 15:17 FAX 408 808 6        COURTROOM SERVICES                    ☑067

7

1    and with malice aforethought kill Feliberto Valencia, a human being.

2            To that charge, how do you plead?

3        THE DEFENDANT:  Guilty.

4        THE COURT:  It is also alleged, sir, that during the

5    commission of that offense, you personally used a firearm, to wit:  a

6    handgun, within the meaning of Penal Code Section 12022.5 and 1203.06.

7            Do you admit that you personally used a firearm during the

8    commission of the offense?

9        THE DEFENDANT:  That's true.

10       THE COURT:  By your plea, and admission, you are giving up

11   certain important rights.  Now, I am sure that your attorney has

12   explained them to you.  My purpose is to ascertain for the record that

13   you understand each right and that you are freely and voluntarily giving

14   up each right.

15           The first right you have is to a jury trial.

16           And before I go on, sir, let me explain that these rights

17   apply not only to the offense alleged in the Information, but also to

18   the allegation that you personally used a firearm.  Do you understand

19   that, sir?

20       THE DEFENDANT:  Yes.

21       THE COURT:  Now, sir, the first right you have is to a jury

22   trial.  A jury trial is a situation where twelve citizens are summoned

23   to court.  They hear the facts of the case; they are instructed on the

24   law.  They then retire to deliberate in secrecy.

25           You may not be convicted of the offense unless all twelve

26   of them agree that you are guilty beyond a reasonable doubt.  Do you

27   understand the right to a jury trial?

28       THE DEFENDANT:  I understand, but I waive -- I give up that

1      THE COURT: The problem I have with that is that's what the
2  law is. It's written right there in the book.

3      MR. HERNANDEZ: I understand that. I just don't happen to
4  have a Spanish version that he could read himself. He doesn't read
5  English.

6      THE COURT: Would the Spanish interpreter help then?
7  You read it in English to the Spanish interpreter.

8      MR. HERNANDEZ: We just talk to him at the side -- Can we
9  just have a little conference with him and explain it to him again?

10     THE COURT: I think we could go off the record at this
11 point, take a recess. Just read it to the Spanish interpreter. She
12 can read it to Mr. Pena. When you're through, let us know and we'll
13 take the matter up again. I don't want to wear out the reporter.

14         (The Court was in recess.)

15     THE COURT: Reconvening the matter of People versus
16 Ignacio Pena. The record will reflect that all parties who were in
17 the court when it recessed are once again in the court.

18     Mr. Hernandez, I understand that Mr. Pena wishes to
19 plead to the count so long as it is stipulated to be murder in the
20 second degree, and he will admit the personal use of a firearm.

21     MR. HERNANDEZ: That's correct, Your Honor.

22     THE COURT: Very well. Mr. Pena, we are going to have a
23 discussion regarding the rights you give up when you change your plea.
24 If I use any language you do not understand, please interrupt me,
25 indicate that, and I will attempt to clarify it. Is that agreed, sir?

26     THE DEFENDANT: (Through the interpreter) Yes.

27     THE COURT: You are accused in the count, Mr. Pena, with
28 a felony violation of Penal Code Section 187 in that you did unlawfully

1  right.

2      THE COURT:  First, sir, do you understand the right to a

3  jury trial?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Do you give up that right?

6      THE DEFENDANT:  Yes.

7      THE COURT:  With the consent of the People, you would have

8  the right to a Court trial.  A Court trial is a situation where the judge

9  alone hears the facts of the case, and the judge alone determines

10  your innocence or guilt of the charge.

11      Do you understand the right to a Court trial?

12      THE DEFENDANT:  Yes.

13      THE COURT:  Do you give up that right?

14      THE DEFENDANT:  Yes.

15      THE COURT:  At a trial, you would have the right to confront

16  and to cross-examine your accusers.  Your accusers are the witnesses

17  who would be summoned to court to testify against you.

18      Do you understand that right?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Do you give up that right?

21      THE DEFENDANT:  Yes.

22      THE COURT:  You would have the right to use the subpoena

23  power of the Court to compel the attendance of witnesses to appear at

24  the trial to testify on your behalf.

25      Do you understand that right?

26      THE DEFENDANT:  Yes.

27      THE COURT:  Do you give up that right?

28      THE DEFENDANT:  Yes, Your Honor.

04/22/2004 13:13 FAX 408 808 6... COURTROOM SERVICES    Case 5:07-cv-03056-JW    Document... 6832    Filed 10/26/2007    Page 12 of 41    ☑070

9

THE COURT:  You would have the right at a trial to testify on your own behalf and to present a defense.  Do you understand that right?

THE DEFENDANT:  Yes.

THE COURT:  Do you give up that right?

THE DEFENDANT:  Yes.

THE COURT:  You have the right to remain silent.  By that, I simply mean you cannot be made to say anything whatsoever about the offense.  Do you understand that right?

THE DEFENDANT:  Yes.

THE COURT:  Do you give up that right?

THE DEFENDANT:  Yes.

THE COURT:  Have you had ample time and opportunity to discuss your case with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Have you received the full benefit of his advice?

THE DEFENDANT:  Yes.

THE COURT:  Has your attorney explained to you the elements of the offense, and the possible defenses to the charge?

THE DEFENDANT:  Yes.

THE COURT:  Is your plea and admission entered freely and voluntarily?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has anyone threatened you or tried in any other way to force you to enter your plea?

THE DEFENDANT:  No, sir.

THE COURT:  Have any promises been made to you to induce you to enter your plea, other than the one stated on the record

1   this morning? And the promise is that this is a plea to a murder

2   stipulated to be in the second degree.

3          Were there any other promises made to you?

4          THE DEFENDANT: No, sir.

5          THE COURT: Are you now under the influence of any

6   alcoholic beverage or drug?

7          THE DEFENDANT: No.

8          THE COURT: Turning to the consequences of your plea,

9   you are advised if you are not a citizen, conviction of this offense

10   may have the consequences of deportation, exclusion from admission

11   or denial of naturalization.

12          Mr. Pena, for the offense of murder in the second degree,

13   you may be punished by an indeterminate sentence of fifteen years

14   to life in the State Prison.

15          You are admitting the allegation of a personal use of the

16   firearm; that could increase that sentence by two additional years.

17   So, the maximum punishment in your case would be seventeen years to

18   life in prison.

19          Do you understand that, sir?

20          THE DEFENDANT: Yes.

21          THE COURT: I also should advise you, Mr. Pena, because you

22   are admitting the personal use of a firearm, you are statutorily

23   ineligible for probation. Even if the Court desired to place you on

24   probation, it could not.

25          Do you understand that, sir?

26          THE DEFENDANT: Yes.

27          THE COURT: So, the only alternative the Court has is to

28   sentence you to prison. Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Once you have served the sentence imposed by the Court, you will be released on parole for a period of --

MR. BRAUGHTON: Potentially life-time parole, I believe.

THE COURT: You're right. Because it's an indeterminate term. Some day, they are going to correct that, I know.

Sir, when you are released from prison, you will be placed on parole. The period of parole could extend for the duration of your natural life. That is a matter that is left in the hands of the Department of Corrections. It will be an administrative decision as to how long you shall remain on parole.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, if you violate any term or condition of your parole, your parole could be revoked and you could be returned to prison for an indeterminate period of time.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Pena, you are being convicted of a serious felony, murder in the second degree. Hereafter, if you are convicted of any other serious felony, this conviction will be used to enhance any other subsequent sentence by five additional years in prison.

You understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Also, as a consequence of your plea, the Court must at the time of sentencing impose a restitution fine of not less than one hundred dollars or more than ten thousand dollars.

Do you understand that, sir?

04/22/2004 15:18 FAX 408 808 6      COURTROOM SERVICES                    ☑073

12

1      THE DEFENDANT:  Yes, Your Honor.

2      THE COURT:  How old are you, Mr. Pena?

3      THE DEFENDANT:  Twenty-two years old.

4      THE COURT:  What is your educational background; did you

5  complete high school?

6      THE DEFENDANT:  No.

7      THE COURT:  What is the highest grade that you completed, sir?

8      THE DEFENDANT:  Sixth grade in Mexico, elementary school

9  in Mexico.

10      THE COURT:  Sir, do you read and write?

11      THE DEFENDANT:  Yes.

12      THE COURT:  In Spanish, I trust?

13      THE DEFENDANT:  Yes.

14      THE COURT:  Do you have any questions that you wish to

15  ask your attorney, the District Attorney, or myself about your change

16  of plea?

17      THE DEFENDANT:  No, Your Honor.

18      THE COURT:  Mr. Pena, have you understood everything I

19  have said to you this morning as translated to you by the Spanish

20  interpreter?

21      THE DEFENDANT:  Yes, Your Honor.

22      THE COURT:  And this is what you want to do?

23      THE DEFENDANT:  Yes.

24      THE COURT:  You are satisfied that you have had sufficient

25  time to discuss this matter with your attorney; you have weighed the

26.  options, and you do want to proceed in this fashion?

27      THE DEFENDANT:  Yes, Your Honor.

28      THE COURT:  All right.  I am satisfied.  Any questions?

04/22/2004 15:18 FAX 408 808 6...     COURTROOM SERVICES     Case 5:07-cv-03056-JW    Document 35-5    Filed 10/26/2007    Page 16 of 41    ☑074

13

1          MR. BRAUGHTON: No, thank you.

2          THE COURT: Mr. Hernandez, you do concur in the plea and

3  admission?

4          MR. HERNANDEZ: I do concur, Your Honor.

5          THE COURT: Might I have a stipulation from the attorneys

6  that there is a factual basis for the plea and admission, and the Court

7  in that regard may consider the Preliminary Examination transcript?

8          MR. HERNANDEZ: So stipulated.

9          MR. BRAUGHTON: Yes, Your Honor. And also the court clerk

10  has an interpretation of a pretrial statement made by Mr. Pena

11  interpreted by a certified court interpreter. I would also ask that

12  that be a stipulated part of the factual record the Court may consider.

13          THE COURT: Agreed?

14          MR. HERNANDEZ: We can't agree to that; that isn't

15  necessary, Your Honor. It appears that that translation was brought

16  in, and there is a lot of questions as to its validity, if terms are

17  correct interpretations.

18          We just don't see any reason to stipulate to that. It

19  may be a little bit -- Well, it may be -- I mean, I wouldn't be

20  representing my client properly.

21          THE COURT: Let me ask you this. Will you stipulate that

22  the Court may also consider the police offense reports arising out

23  of the transaction?

24          MR. HERNANDEZ: We will stipulate to that.

25          THE COURT: Agreed?

26          MR. BRAUGHTON: That's fine.

27          THE COURT: Very good. Once again, Mr. Pena, how do you

28  plead to the count alleged in the Information that you committed a

1  felony violation of Penal Code Section 187 and that you did unlawfully

2  and with malice aforethought kill Filiberto Valencia, a human being?

3  What is your plea, sir?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  And to the allegation that during the commission

6  of the offense, you personally used a firearm, to wit: a handgun,

7  within the meaning of Penal Code Section 12022.5 and 1203.06, do you

8  admit that allegation?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  And before I accept the plea, I believe that

11 there is a stipulation by the parties that the plea is to be accepted

12 to an offense of murder in the second degree.

13         MR. BRAUGHTON:  So stipulated, Your Honor, by the People.

14         MR. HERNANDEZ:  So stipulated, Your Honor.

15         THE COURT:  Very good!  Mr. Pena, your plea is accepted.

16 The Court finds that you have knowingly, intelligently and voluntarily

17 waived your rights to jury trial, to remain silent, and to confront

18 and to cross-examine the witnesses.

19         I find you understand the nature of the charge, the

20 elements of the offense, possible defenses, and the maximum punishment

21 that may be imposed.

22         Pursuant to stipulation, the Preliminary Examination

23 transcript and the offense reports, the Court finds a factual basis

24 for the plea.

25         The Court would also find that the plea is entered

26 knowingly, intelligently and voluntarily with full knowledge of its

27 meaning and effect.

28         Your matter will be referred to the Adult Probation Department

04/22/2004 15:59 FAX 408 869 6892    COURTROOM SERVICES    Case 5:07-cv-03056-JW    Document 1    Filed 10/26/2007    Page 18 of 41    Ø076

15

1   for a report. Does Mr. Pena wish to waive time for sentencing or not?

2        MR. HERNANDEZ: He was concerned about being sentenced as

3   soon as possible.

4        THE COURT: As soon as possible. Very good. Set the

5   matter for receipt of the report and pronouncement of judgment

6   November 12th, 1985 at 9 o'clock a.m.

7        And the reason for this particular disposition would be

8   the state of the evidence?

9        MR. BRAUGHTON: Yes, Your Honor. That appears to me a

10  reasonable disposition in light of the facts of the case as contained

11  in the Preliminary Hearing transcript and the police reports.

12       THE COURT: Very good. So noted for the record.

13       Madam clerk, you are directed to record that plea as to

14  murder in the second degree. Thank you very much.

15       MR. BRAUGHTON: Your Honor, prior to departing for the day,

16  I would like to file a Notice of Motion; request the Court set a

17  hearing for sanctions with regard to the delays that have occurred

18  in the trial, to the witnesses pursuant to 128.5 and 177.5 of the

19  Code of Civil Procedures.

20       THE COURT: All right. When would be a convenient date

21  for counsel?

22       MR. BRAUGHTON: I would request you set it at the

23  convenience of Mr. Hernandez.

24       THE COURT: All right. The sentencing shall proceed in

25  Department 14 downtown Superior Court.

26       MR. HERNANDEZ: Has this been filed?

27       THE COURT: It was just filed with the clerk, I believe,

28  wasn't it? I'll tell you what we'll do. We are all going to be

1    together on November 12th. Why don't we hold it then.

2    MR. BRAUGHTON: Satisfactory.

3    THE COURT: Fine. Set for hearing November 12, 1985,

4    9 o'clock a.m. or as soon thereafter as counsel may be heard.

5    MR. BRAUGHTON: Thank you.

6    ---oOo---

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  STATE OF CALIFORNIA          )
2  COUNTY OF SANTA CLARA -      )  ss.
                                ).
3
4
5
6      I. BARBARA IVES, do hereby certify that:
7      I am an Official Shorthand Reporter of the
8  Superior Court of the State of California, in and for
9  the County of Santa Clara, and that as such I reported
10  in stenotype the proceedings had in the within-entitled
11  matter at the time and place therein set forth; and
12  that the same is a full, true and correct transcription
13  of said stenotype as reported by me to the best of my
14  ability.

15

16      DATED: This  2  day of  December  1985.
17
18
19
20
21          _Barbara T. Ives_
22          Barbara T. Ives, CSR #4438
23
24
25
26
27
28

**EXHIBIT D**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

BEFORE THE HONORABLE ROBERT M. FOLEY, JUDGE

CRIMINAL LEGAL BUILDING, DEPT. NO.

(ENDORSED)
FILED
NOV 20 1985

Clerk
Deputy

--oOo--

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) )  ) |
| PLAINTIFF, | ) NO. 96973 |
| VS. | ) CHARGE: VIOLATION SECTION |
| IGNACIO P. PENA, | ) 187 PC |
| DEFENDANT. | ) STATE PRISON |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

ON REPORT AND SENTENCING

TUESDAY,    NOVEMBER 12, 1985

A P P E A R A N C E S:

FOR THE PEOPLE:                        DEPUTY DISTRICT ATTORNEY
                                       BY: ROD BRAUGHTON

FOR THE DEFENDANT:                     ATTORNEY AT LAW
                                       BY: DANIEL HERNANDEZ
SPANISH INTERPRETER:                   MARAVILLAS SHIVELY.

ADULT PROBATION:

REPORTED BY:                           RETHA FULLER, CSR 1611
                                       OFFICIAL COURT REPORTER

COPY

04/22/2004 19:20 FAX 408 808 6992    COURTROOM SERVICES    Ø081

2

ROBERT M. FOLEY, JUDGE                    NOVEMBER 12, 1985

DEPT. NO. 4                               TUESDAY


                    P R O C E E D I N G S

                         --oOo--

         THE COURT:  LINE THREE, IGNACIO PENA,

INFORMATION 96973.

         MR. HERNANDEZ:  DANIEL HERNANDEZ FOR MR.

PENA.

         THE COURT:  MR. PENA IS PRESENT.

         MR. HERNANDEZ:  YES, HE IS PRESENT.

         THE COURT:  YOUR NAME FOR THE RECORD, MA'AM?

         THE INTERPRETER:  MARAVILLAS SHIVELY (SPELLING)

S-H-I-V-E-L-Y.

         THE COURT:  YOU'RE THE SPANISH INTERPRETER?

         THE INTERPRETER:  YES, YOUR HONOR.

         THE COURT:  YOU'RE CERTIFIED ACCORDING TO THE

APPROPRIATE GOVERNMENT ORDINANCES AND YOU HAVE ALREADY

BEEN SWORN?

         THE INTERPRETER:  YES, YOUR HONOR.

         THE COURT:  VERY WELL.

      YOUR REQUEST IS TO CONTINUE THIS?

      YOU HAVEN'T RECEIVED A PROBATION REPORT FOR THE

REQUISITE NINE DAY PERIOD.  IS THAT TRUE?

         MR. HERNANDEZ:  I AM SORRY?

         THE COURT:  YOU HAVE NOT BEEN IN RECEIPT OF

THE PROBATION REPORT FOR THE REQUISITE NINE DAY PERIOD?

         MR. HERNANDEZ:  I HAVEN'T, BUT WE WILL WAIVE

1   THAT.

2           THE COURT:  OH, DOES HE WISH TO PROCEED TO

3   JUDGMENT IMMEDIATELY?

4           MR. HERNANDEZ:  YES, HE DOES.

5           THE COURT:  IN THIS MATTER, THE COURT HAS

6   READ AND CONSIDERED THE PROBATION REPORT.

7           DOES THE DEFENDANT WAIVE FORMAL ARRAIGNMENT FOR

8   JUDGMENT?

9           MR. HERNANDEZ:  SO WAIVED.

10          THE COURT:  HAVE ANY LEGAL CAUSE WHY THE SAME

11  SHOULD NOT NOW BE PRONOUNCED?

12          MR. HERNANDEZ:  NONE, YOUR HONOR.

13          THE COURT:  NINE DAY RULE IS WAIVED?

14          MR. HERNANDEZ:  NINE DAY RULE IS WAIVED.

15          THE COURT:  IN VIEW OF THE PERSONAL USE OF A

16  FIREARM ALLEGATION BEING ADMITTED, THE DEFENDANT IS

17  STATUTORILY INELIGIBLE FOR PROBATION.  HIS REQUEST FOR THE

18  SAME IS HEREBY DENIED.

19          AS TO THE COUNT, THE DEFENDANT WILL BE COMMITTED

20  TO THE DEPARTMENT OF CORRECTIONS FOR THAT, THE TERM

21  PRESCRIBED BY LAW.  IN ADDITION THERETO, HE HAVING

22  PERSONALLY ADMITTED THE USE OF A FIREARM DURING THE

23  COMMISSION OF THE OFFENSE, THE COURT WOULD IMPOSE TWO

24  ADDITIONAL YEARS.

25          TOTAL TERM THIS INFORMATION SEVENTEEN YEARS TO LIFE.

26          THE DEFENDANT SHALL RECEIVE CREDIT FOR TIME SERVED

27  OF 389 ACTUAL DAYS AND 194 DAYS GOOD TIME-WORK TIME FOR A

28  TOTAL OF 583 DAYS.

1               MR. HERNANDEZ:  YES, THAT' PERFECT.

2               THE COURT:  VERY GOOD.  SET DECEMBER 16th 1985,

3   AT 1:30 P.M.

4

5            (WHEREUPON, THAT CONCLUDED THIS HEARING.)

6

7                   --0o0--

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    STATE OF CALIFORNIA          )
2    COUNTY OF SANTA CLARA        )            SS.
3                                 )
4

5            I, RETHA FULLER, CERTIFIED SHORTHAND REPORTER
6    NO. C-1611, DO HEREBY CERTIFY:
7            THAT I WAS THE DULY APPOINTED, QUALIFIED
8    AND ACTING OFFICIAL SHORTHAND REPORTER OF SAID COURT IN
9    THE ABOVE-ENTITLED ACTION TAKEN ON THE ABOVE-MENTIONED
10   DATE:
11           THAT I REPORTED THE SAME IN MACHINE
12   SHORTHAND AND THEREAFTER HAD THE SAME TRANSCRIBED
13   INTO TYPEWRITING AS HEREIN APPEARS:
14           THAT THE FOREGOING TYPEWRITTEN PAGES
15   CONTAIN A FULL, TRUE AND CORRECT TRANSCRIPT OF ALL OF
16   THE PROCEEDINGS HAD IN SAID MATTER AT SAID TIME AND
17   PLACE, TO THE BEST OF MY ABILITY.
18
19

20           DATED:  THIS ___ DAY OF _____, 1985.
21
22
23
24
25           RETHA FULLER, CSR NO. C-1611
             OFFICIAL COURT REPORTER
26
27
28

# EXHIBIT E

## RECALCULATION OF MEPD FOR 15-LIFE AND 25-LIFE PRISONERS
### RECEIVED PRIOR TO 5-27-87
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
1. Total days served prior to waiver date (Waiver date
   - received date + postsentence credit)
2. A1 ÷ 2 (round down)                                    = ___1___
3. Less credits lost per PC2932 (PRIOR TO WAIVER          = ___0___
4. Credits to be vested                                  = ___8___

B. MAXIMUM ELIGIBLE PAROLE DATE
1. __11-14-85__ + __17__
   RECEIVED DATE       TOTAL TERM                         = __11-14-2,002__
                                                              BASE DATE
2. Less total preconfinement credit                      - ___584___
3. Less A4 OR vest 1/2 postsentence credit               - ___8___
4. MAXIMUM ELIGIBLE PAROLE DATE                          = __4-9-2001__

C. WORKTIME CREDIT PER PC2933/PC2934
1. Less NET Worktime credit earned from waiver/
   received date through 2-15-89 or end of DSL
   term if later                                          - __1,011__
2. Current MEPD (cannot exceed B4)                       = __7-3-98__

D. GOOD TIME CREDIT PER PC2931
1. Date credit applied through (2-15-89
   or date DSL term ends if later)                        - __2-15-89__
2. Days left to serve                                     = __3,425__
3. Divide by 3 (round up)                                            = __1142__
4. PC Balance (D3 ÷ 4)                                    = ___285___
5. BC Balance (D4 x 3)                                    = ___857___

E. RECALCULATED MEPD (C2 - D3)                            = __5-18-95__
1. Add credits lost for CDC 115's after D1          + PC____ BC____
2. Subtract restorations for credit losses in E1    - PC____ BC____
3. New PC/BC Balance                          PC=____ BC=____
4. Add any 7 or 9 year MEPD CS Life term(s)                      +____

F. ADJUSTED MEPD (E + E1 - E2 + E4)                       = _____

G. INITIAL PAROLE CONSIDERATION HEARING                   = __4-94__
   (13 months prior to F)                                    month/year

H. NEXT DOCUMENTATION HEARING    # __2__                  = __1-92__
                                                             month/year

Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted __1,011__ days worktime credit
from __11-14-85__ through (2-15-89)/the end of your DSL term (circle one).
Your (recalculated)/adjusted (circle one) MEPD is __5-18-95__. Your initia
life parole consideration hearing will be scheduled during the month
of __4-94__/first available calendar (circle one).

_Manda R. Rubalcaba_                    __9-13-89__
CASE RECORDS STAFF                         DATE

__D-17862__         _Pena, Ignacio_              __CMF-S__
NUMBER                  NAME                     INSTITUTION
5/89                FORM A - SIDE 1

__1271 - 1284__

4

1       HE IS ORDERED TO PAY A ONE HUNDRED DOLLAR

2   RESTITUTION FINE.

3       WHEN YOU'RE RELEASED, SIR, YOU WILL BE PLACED ON

4   PAROLE FOR A PERIOD OF -- COULD LAST FOR THE TERM OF YOUR

5   NATURAL LIFE, COULDN'T IT, MR. BRAUGHTON?

6       MR. BRAUGHTON:  YES.

7       THE COURT:  YOU WILL BE PLACED ON PAROLE FOR

8   AN INDETERMINATE TIME.  VIOLATION OF ANY TERM OR

9   CONDITION OF YOUR PAROLE WILL RESULT IN ONE YEAR INCARCERATION

10  IN PRISON FOR EACH SEPARATE VIOLATION.

11      NO CHARGES ARE TO BE DISMISSED.

12      MR. HERNANDEZ:  THANK YOU, YOUR HONOR.

13

14      (WHEREUPON, THAT CONCLUDED THIS PORTION OF HEARING.)

15

16      THE COURT:  I BELIEVE THERE IS ANOTHER MATTER,

17  MR. HERNANDEZ.  THAT IS A MOTION BY THE PEOPLE TO IMPOSE

18  SANCTIONS.. I UNDERSTAND FROM YOU, YOU WISHED TO CONSULT

19  WITH AN ATTORNEY ABOUT THE MATTER?

20      MR. HERNANDEZ:  THAT IS CORRECT, YOUR HONOR.

21      THE COURT:  HOW LONG WOULD YOU BE --

22      MR. HERNANDEZ:  I NEED THIRTY DAYS.  I WILL

23  BE IN LOS ANGELES FOR A WEEK OR TWO.  I WOULD LIKE SOME

24  TIME TO PREPARE.

25      THE COURT:  CHECK YOUR CALENDAR.  I WOULD LIKE

26  TO SET IT FOR DECEMBER 16th, MONDAY, AT 1:30 IN THE

27  AFTERNOON.

28      IS THAT A CONVENIENT DATE?

**EXHIBIT  F**

# SUBSEQUENT PAROLE CONSIDERATION HEARING

## STATE OF CALIFORNIA

## BOARD OF PRISON TERMS

In the matter of the Life )
Term Parole Consideration )
Hearing of: )
                                )
IGNACIO PENA )
                                )
_____)

CDC Number D-17862

# COPY
# INMATE

## CALIFORNIA STATE PRISON, SOLANO

## VACAVILLE, CALIFORNIA

## NOVEMBER 18, 2002

## 2:15 P.M.

PANEL PRESENT:

JONES MOORE, Presiding Commissioner
GEORGE LEHMAN, Deputy Commissioner

OTHERS PRESENT:

IGNACIO PENA, Inmate
STEVE SANDERS, Attorney for Inmate
ROD BRAUGHTON, Deputy District Attorney
LEO MARTINEZ, Interpreter

CORRECTIONS TO THE DECISION HAVE BEEN MADE

    ✓    No
_____  Yes      See Errata Sheet

Valerie Lord, Transcriber    Capitol Electronic Reporting

ii

# INDEX

| | Page |
|---|---|
| Proceedings | 1 |
| Case Factors | 14 |
| Pre-Commitment Factors | 14 |
| Post-Commitment Factors | 16 |
| Parole Plans | 25 |
| Closing Statements | 30 |
| Recess | 36 |
| Decision | 37 |
| Adjournment | 43 |
| Transcriber Certification | 44 |

--oOo--

1

# P R O C E E D I N G S

1    **PRESIDING COMMISSIONER MOORE:**  This is a

2    Subsequent Parole Consideration Hearing for

3    Ignacio Pena, P-E-N-A, CDC number D-as in

4    David-17862.  The date of the hearing would be

5    November the 18th 2002, and the time is

6    approximately 1415 hours.  The location would be

7    the California State Prison, Solano.  The legal

8    status of the prisoner, the date the prisoner was

9    received would be November the 14th of 1985.  The

10   date the life term started would be February 20th

11   of 1986, from the County of Santa Clara.  The

12   offense would be murder second with the use of a

13   firearm, case number 96973, count one.  Penal Code

14   Section violated would be 187 and 12022.5  The

15   term would be 17 to life and the minimum eligible

16   parole date would be February 26th of 1996.  And,

17   Mr. Martinez, can we swear you in now.  Do you

18   solemnly swear to translate from English to

19   Spanish, Spanish to English for the hearing today?

20   **INTERPRETER MARTINEZ:**  Yes, I do.

21   **PRESIDING COMMISSIONER MOORE:**  Thank you,

22   sir.  Now, Mr. Pena, this hearing will be

23   tape-recorded, and for voice recognition purposes

24   we will state our full name, spelling our last

25   name, stating the purpose of our business.  And

26   then when it's your turn, if you would also add

2

1    your CDC number, please.  We'll go around the room

2    to my right.  My name is Jones Moore, M-O-O-R-E,

3    Commissioner, Board of Prison Terms.

4         **DEPUTY COMMISSIONER LEHMAN:**  George Lehman,

5    L-E-H-M-A-N, Deputy Commissioner.

6         **DEPUTY DISTRICT ATTORNEY BRAUGHTON:**  My name

7    is Rod Braughton, B-R-A-U-G-H-T-O-N, I'm the

8    Deputy District Attorney for Santa Clara County.

9    I represent the People in this hearing.

10        **ATTORNEY SANDERS:**  Steve Sanders, spelled

11   S-A-N-D-E-R-S, and I'm counsel for Mr. Pena.

12        **INMATE PENA:**  Pena, P-E-N-A, D-17862.

13        **INTERPRETER MARTINEZ:**  Leo Martinez,

14   M-A-R-T-I-N-E-Z, certified interpreter.

15        **PRESIDING COMMISSIONER MOORE:**  Thank you,

16   sir.  Let the record show that there are two

17   correctional peace officers in the room here

18   strictly for safety and security measures,

19   Mr. Pena, and they'll play no role in today's

20   proceedings.  Now the purpose of the hearing is to

21   once again consider your suitability for parole.

22   We will consider your crime, your prior criminal

23   and social history, and your behavior and

24   programming since your commitment.  We've reviewed

25   your Central file and the prior transcripts and

26   you will have an opportunity to correct or clarify

27   them for the record.  We will consider your

3

1   progress since your last hearing, any new

2   psychiatric reports, and any other information

3   that may have a bearing on your suitability for

4   parole. Any change in your parole plans should be

5   brought to our attention. Before we recess for

6   deliberations, the District Attorney, your

7   attorney and you will be given an opportunity to

8   make a final statement regarding parole

9   suitability and the length of confinement. After

10   this is done, we will recess, clear the room and

11   deliberate. Once we've completed our

12   deliberations, we will resume the hearing and

13   announce our decision. The Board of Prison Terms'

14   rules and the law state that a parole date should

15   be denied if your release would pose an

16   unreasonable risk of danger to others. Counsel,

17   the prisoner has certain rights, have those rights

18   been met thus far?

19       **ATTORNEY SANDERS:** My client and I feel that

20   they have up to this time.

21       **PRESIDING COMMISSIONER MOORE:** Thank you,

22   sir. Are there any objections to the Panel

23   members today?

24       **ATTORNEY SANDERS:** No, we have no

25   objections.

26       **PRESIDING COMMISSIONER MOORE:** Now I note

27   that the prisoner refused to sign the ADA form.

4

1   Mr. Pena, is there a reason that you didn't sign
2   this ADA form?

3        **ATTORNEY SANDERS:**  One moment, Commissioner.
4        **INMATE PENA THROUGH INTERPRETER:**  I want to
5   put on an objection to the entire hearing.

6        **PRESIDING COMMISSIONER MOORE:**  That's fine.
7   I'll give him an opportunity to object at another
8   point in the hearing.  My question to you,
9   Mr. Pena, was why did you not sign the ADA form.
10   Do you have a disability, is that why you refused
11   to sign it?

12       **INMATE PENA THROUGH INTERPRETER:**  No, I
13   don't have any.

14       **PRESIDING COMMISSIONER MOORE:**  Mr. Sanders,
15   would you show him the document I'm referring to
16   there, it's on, in the miscellaneous, probably
17   three pages back.

18       **ATTORNEY SANDERS:**  Three pages back?
19       **PRESIDING COMMISSIONER MOORE:**  I think so,
20   two or three pages back.  It's behind the stip
21   form and the request for interpreter form.

22       **ATTORNEY SANDERS:**  This is what he's talking
23   about here, Mr. Pena.  Reasonable accommodation,
24   that's the ADA form.  Commissioner, if you look at
25   the other documents too, you can see that my
26   client has refused to sign the other documents as
27   well.  His feeling and belief as he will explain

5

1    to you a little later on is that this hearing is a

2    violation of his rights.

3        PRESIDING COMMISSIONER MOORE:  That's fine,

4    he's entitled to his feelings and his concerns.

5    I'm trying to --

6        ATTORNEY SANDERS:  He's willing to state for

7    the record now that he has no disability that

8    would interfere with (inaudible) of this hearing.

9        PRESIDING COMMISSIONER MOORE:  Is that

10    accurate, Mr. Pena, you have no --

11        INMATE PENA THROUGH INTERPRETER:  Yes, Sir.

12        PRESIDING COMMISSIONER MOORE:  All right,

13    thank you, sir.  Now, you'll receive a copy of our

14    written tentative decision today.  The decision

15    becomes effective in 120 days.  Copies of the

16    transcript and the decision will be sent to you

17    and you will have 90 days from that effective date

18    to appeal if you so desire.  You are not required

19    to discuss your offense, nor are you required to

20    admit your offense.  However, the Panel does

21    accept as true the findings of the court.  Now,

22    Mr. Sanders, have you seen this?

23        ATTORNEY SANDERS:  Yes, I have.

24        PRESIDING COMMISSIONER MOORE:  Okay, and you

25    have those documents?

26        ATTORNEY SANDERS:  We have all the documents

27    on that list.

6

1          **PRESIDING COMMISSIONER MOORE:** Any

2  additional documents to submit at this time?

3          **ATTORNEY SANDERS:** Other than, well, yes we

4  do. This is a document that I've already

5  submitted to the Panel.

6          **PRESIDING COMMISSIONER MOORE:** Okay, I have

7  a copy of that already and now would be the

8  appropriate time as I was going to ask you are

9  there any objections at this time?

10         **ATTORNEY SANDERS:** Yes, my client has some

11  objections that he would like to make at this

12  time, Commissioner.

13         **INMATE PENA THROUGH INTERPRETER:** I want to

14  ask a few questions.

15         **PRESIDING COMMISSIONER MOORE:** This is not

16  an inquiry. This is not an inquiry time, sir. If

17  you have an objection, please state your objection

18  for the record.

19         **INMATE PENA THROUGH INTERPRETER:** I have the

20  objection right here and can you please read this

21  for the record.

22         **PRESIDING COMMISSIONER MOORE:** It's your

23  objection, please read it.

24         **INMATE PENA THROUGH INTERPRETER:** I'm going

25  to read it in English. Objections under

26  statements to counsel at the parole consideration

27  for life prisoners. (Inaudible) Penal Code

1   Section 3041, 3042.  The Panel (inaudible)
2   jurisdiction to deny the prisoner his release on
3   parole because of the law of Penal Code Section
4   PCS 190 (inaudible) his sentence and authorize
5   work time and good time credits (inaudible)
6   measure approved by (inaudible) November 7th,
7   1978.  Therefore, the hearing is invalid.  The
8   Fourteenth Amendment of the United States
9   Constitution, under Article one, Section seven, of
10  the California Constitution, each guarantee that
11  no person shall be deprived of life, liberty or
12  property without due process of law, nor the equal
13  protection of the law.  This constitutional
14  (inaudible) requires an administrative agency who
15  has been granted the authority to adopt rules and
16  regulations to be one, consistent and not in
17  conflict with the provisions of the enabling
18  legislation; and, two, reasonably necessary to
19  effect its purposes.  The administrative agency
20  may not vary or enlarge the terms of such
21  legislation; i.e., the rules and regulations
22  within the scope of the authority (inaudible)
23  noted for the rules and regulations to be valid.
24  Simply stated, the Board of Prison Terms, BPT, is
25  without authority to determine the minimum term of
26  imprisonment imposed upon the prisoner by statute,
27  nor deny his release date that was calculated

8

1    under the PCS 2932, subdivision (b), by the

2    Department of Corrections, for the following

3    numerical reasons, the prisoner raises his formal

4    objections.

5         **PRESIDING COMMISSIONER MOORE:** All right, so

6    as I understand it.

7         **INMATE PENA THROUGH INTERPRETER:** His

8    (inaudible) continues.

9         **PRESIDING COMMISSIONER MOORE:** That's fine,

10   but let me rule on the first portion of that

11   objection. We have the right under the Board of

12   Prison Terms' rules and 3041 and 3042 to hold this

13   hearing, so I am overruling your objection on that

14   note. You've had an administrative hearing,

15   you've had a (inaudible) hearing prior to coming

16   to prison that was by a court of law and since

17   you're here that means you're a prisoner in the

18   Department of Corrections. Proceed.

19        **INMATE PENA THROUGH INTERPRETER:**

20   Objections, number one, under the Doctrine of --

21        **ATTORNEY SANDERS:** Stare Decisis.

22        **INMATE PENA THROUGH INTERPRETER:** Stare

23   Decisis, I'm sorry, all (inaudible) exercise an

24   inferior jurisdiction are required to follow

25   decisions the courts exercise in superior

26   jurisdiction. Insofar that (inaudible) is used to

27   indicate that those (inaudible) may be enforced by

9

1     (inaudible).  The BPT interpretation of PC 190

2     does not comport with the decision of the

3     California Supreme Court.  For example, in the

4     case of the (inaudible) (1980, 28 Cal.3d. 210,

5     217) the court stated, in referring to a minimum

6     term of 25 years imposed pursuant to this section,

7     and (inaudible) vigorously demonstrate that the

8     provision contemplates that the individual

9     sentence under the statute would not automatically

10    receive indeterminate term of life imprisonment.

11    Instead, the statute recognizes that with

12    traditional indeterminate sentence, the term

13    actually imposed upon an individual offender may

14    range from 25 years to life.  The Attorney

15    General's proposed interpretation of the statute

16    requires an automatic imposition of a sentence of

17    life imprisonment in every case completely

18    conflicts with the language and for that reason

19    alone must be rejected.  Number two, under the

20    group of laws, the BPT has (inaudible) this

21    prisoner only comes within the scope of the

22    limited authority conferred by the determinate

23    sentence (inaudible) which only enables the

24    considerations for setting of release dates to go

25    upon parole outside the prison walls and

26    enclosures.  There is not authority, underlined,

27    no authority, for the prison terms (inaudible).