# EXHIBIT 4

FILED
JAN 0 4 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re
    IGNACIO POLVOS PENA,
On Habeas Corpus

No.: 96973

ORDER

    The habeas corpus petition of IGNACIO POLVOS PENA, hereinafter Petitioner, is denied. From an examination of the proceedings and the statement of decision it appears that the denial of parole is supported by the evidence before the Board. Further, there has been no violation of the plea agreement, since Petitioner was considered for parole and had the opportunity that it be granted after serving the equivalent of only 17 years. Neither at that time, nor now, does it appear that Petitioner is ready for release.

    The evidence that Petitioner encountered his victim, left the scene to retrieve a weapon, returned and laid in wait, and

1

ultimately fired seven shots at the unsuspecting victim at close range, ~~does~~ supports the finding that the committing offense was carried out in an especially cruel and callous manner and that Petitioner poses an unreasonable risk to public safety. His failure to upgrade vocationally and failure to develop any parole plans, and the opposition of the investigating and prosecuting agencies further support the decision.

The framework within which a parole decision is made provides that parole is the rule and not the exception. (*In re Smith* (2003) 114 Cal.App.4th 343, 351.) Furthermore, the crime alone cannot forever be grounds for a parole denial without regard to all other factors. (*Biggs v. Terhune* (2003) 334 F.3d 910, 916.) This may be especially so when there has been a plea bargain in which the People have stipulated that the crime is no more than of the second degree. (See e.g. *People v. Gipson* (2004) 117 Cal.App.4th 1065 and *People v. Letteer* (2002) 103 Cal.App.4th 1308 regarding plea bargains as contracts.) But the determination of whether or not Petitioner presents a danger to society necessarily begins with recognition of the fact that he has established that danger by carrying out the committing offense. Thus, his performance in prison is of the utmost importance. He must show that he has made efforts towards, and had success in achieving personal growth and change since the time of his commitment. This may be demonstrated by attendance at group programs and meetings on topics relevant or related to the criminal conduct and development of skills and trades, without which there is a real likelihood of failure or slippage into past patterns when released from the highly structured environment of prison.

1  In this case, the totality of the record tends to indicate that
2  Petitioner has not substantially changed from the person who
3  committed the murder of Amador Mendoza Valencia. This case is unlike
4  *Brown v. Poole* (2003) 337 F.3d 1155 because Petitioner has not been a
5  model prisoner and has not made necessary efforts at personal growth
6  and development of skills needed to succeed on parole and become a
7  law abiding person.
8  The petition is denied.

11  DATED: Dec. 30, 2004
12  LINDA CONDRON
    JUDGE OF THE SUPERIOR COURT

15  cc: Petitioner (at CSP Solano)
    Petitioner's Attorney (Jack Gordon)
    Attorney General (Brian Walsh)
16  District Attorney (Margo Smith)
    CJIC

3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**PEOPLE OF THE STATE OF CALIFORNIA** )
        Plaintiff, )  **CASE NO.** 96973
)
  VS           )
)
)
**Ignacio Polvos Pena,** )
_____ )

PROOF OF SERVICE BY MAIL OF: ORDER TO SHOW CAUSE

CLERKS CERTIFICATE OF MAILING;

I CERTIFY THAT I AM NOT A PARTY TO THIS CAUSE AND THAT A TRUE COPY OF THIS DOCUMENT WAS MAILED FIRST CLASS POSTAGE PREPAID IN A SEALED ENVELOPE ADDRESSED AS SHOWN BELOW AND THE DOCUMENT WAS MAILED AT SAN JOSE, CALIFORNIA ON January 5, 2005

Dated: Jan 5, 2005

              KIRRI TORRE
              County Clerk

              By: _____
              Lydia Gonzalez

Ignacio Polvos Pena
CSP-Solono Unit -21
P.O. Box 4000
Vacaville, Ca 95696-4000

CJIC/Hall of Justice
190 W. Hedding Street
San Jose, CA 95110
(placed in inter-office box)

Brian Walsh
Deputy Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004

Research Attorney's/Hall of Justice
190 W. Hedding Street
San Jose, CA 95110
(placed in inter-office box)